JS-6 / Enter

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., ECHOSTAR TECHNOLOGIES L.L.C., and NAGRASTAR LLC,<br><br>Plaintiffs,<br><br>v.<br><br>NEW ERA ELECTRONICS CORP., SATELLITE DISH EXPERT, INC., SWYFT PRODUCTS LLC, JOHNNY TRAN, ALLSTAR WHOLESALES, INC., ALLEN CHEN, and RENE VALDEZ, d/b/a FTA REPUBLIC,<br><br>Defendants. | No. SA CV 12-1097 DOC(JPRx)<br><br>**AGREED FINAL JUDGMENT AND PERMANENT INJUNCTION** |

Having considered the parties' Stipulation for Entry of Agreed Final Judgment and Permanent Injunction, the court file in this matter, and the applicable law, the Court **ORDERS** as follows:

(1) Defendants Allstar Wholesales, Inc., Allen Chen, and anyone acting in active concert or participation with, or at the direction or control of Defendants, are hereby permanently enjoined from:

   A. Offering to the public, providing, or otherwise trafficking in any satellite receivers or set-top-boxes, software, firmware, dongles, 8PSK modules, or any other device, component, or technology, or part thereof, through any means including Internet Key Sharing (also known as Control Word Sharing), that:

    (i) is primarily designed or produced for circumventing DISH Network L.L.C., EchoStar Technologies L.L.C., and NagraStar LLC's (collectively, "DISH Network") security system or any other technological measure adopted by DISH Network that controls access to, copying, or distribution of copyrighted works on the DISH Network platform;

    (ii) has only a limited commercially significant purpose or use other than to circumvent the DISH Network security system or any other technological measure adopted by DISH Network that controls access to, copying, or distribution of copyrighted works on the DISH Network platform;

    (iii) is marketed for use in circumventing DISH Network's security system or any other technological measure adopted by DISH Network that controls access to, copying, or distribution of copyrighted works on the DISH Network platform;

   B. manufacturing, assembling, modifying, importing, exporting, selling, or otherwise distributing any satellite television receivers, set-top-boxes, software, firmware, dongles, 8PSK modules, or other device, technology or part thereof knowing or having reason to know that such device, technology or part thereof is primarily of assistance in the unauthorized decryption of direct-to-home satellite services;

        C.    receiving or assisting others in receiving without authorization, or otherwise intercepting or procuring others to intercept, DISH Network's satellite transmissions of television programming;

        D.    testing, analyzing, reverse engineering, manipulating or otherwise extracting codes or other technological information or data from DISH Network's satellite television receivers, access cards, data stream or any other part or component of DISH Network's security system or other technology used to gain access to DISH Network programming including through the use of Internet Key Sharing (also known as Control Word Sharing); and

        E.    operating, providing information on, or otherwise accessing any website or URL that markets, promotes, distributes, or provides any information or discussion forums related to the products, devices, technology, codes, software, hardware, firmware, dongles, or components thereof which Defendants are permanently enjoined from manufacturing, promoting, distributing or trafficking in pursuant to sections (1)(A)-(B) of this Agreed Permanent Injunction;

(2)    This permanent injunction takes effect immediately.

(3)    Judgment is entered for DISH Network on Count I of the complaint alleging violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(2), Count II alleging violations of the Federal Communications Act, 47 U.S.C. § 605(e)(4), and Count III alleging violations of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2511(1)(a) and 2520.

(4)    Statutory damages in the amount of $2,509,700 are awarded to DISH Network in accordance with 17 U.S.C. § 1203(c)(3)(A) for 2,463 Sonicview, i-Link, and Viewsat receivers, Ethernet adapters or dongles, and 8PSK modules trafficked in by Defendants.

(5)    Each party is to bear its own attorney's fees and costs.

(6) The Court retains jurisdiction over this action for a period of two years for the purpose of enforcing this final judgment and permanent injunction.

**IT IS SO ORDERED**.

Dated: November 14, 2013

*David O. Carter*

Hon. David O. Carter
United States District Judge